RE: POWER OF A COUNTY FREE FAIR ASSOCIATION TO BORROW MONEY FROM A FINANCIAL INSTITUTION, SUCH AS A BANK.
I WRITE TO RESPOND TO YOUR REQUEST FOR A PRELIMINARY, INFORMAL REVIEW OF THE LAW REGARDING: WHETHER A COUNTY FREE FAIR ASSOCIATION, ORGANIZED UNDER THE PROVISIONS OF 2 O.S. 104, ET SEQ., IS EMPOWERED TO BORROW FUNDS FROM A FINANCIAL INSTITUTION FOR THE PURPOSE OF CONSTRUCTING AND RENOVATING BUILDINGS AND STRUCTURES TO BE USED TO HOUSE THE FREE FAIR.
AFTER REVIEWING THE APPLICABLE LAWS, I HAVE CONCLUDED, FOR THE REASONS EXPLAINED BELOW, THAT COUNTY FREE FAIR BOARDS OR ASSOCIATIONS DO NOT POSSESS THE POWER TO BORROW FUNDS FROM FINANCIAL INSTITUTIONS.
AS YOU KNOW, PUBLIC OFFICERS AND BOARDS HAVE ONLY SUCH AUTHORITY AS IS EXPRESSLY CONFERRED UPON THEM BY LAW, OR WHICH MAY BE FAIRLY OR NECESSARILY IMPLIED FROM THE LAWS GRANTING THEM EXPRESS POWERS. OKLAHOMA TAX COMM'N. V. FORTINBERRY CO., 207 P.2D 301, 304 (OKLA. 1949). AS ATTORNEY GENERAL CARTWRIGHT RECOGNIZED IN ATTORNEY GENERAL OPINION NO. 80-041, THERE ARE TWO TYPES OF COUNTY FREE FAIRS UNDER OKLAHOMA LAW: FREE FAIRS AUTHORIZED UNDER 2 O.S. 91 (1981), ET SEQ. AND THOSE AUTHORIZED UNDER 2 O.S. 104(A) ET SEQ. WHILE THE PROVISIONS FOR APPROPRIATION OF FUNDS FOR EACH OF THESE TYPE OF FAIRS ARE SLIGHTLY DIFFERENT, BOTH TYPES OF FAIRS RECEIVE APPROPRIATIONS FROM ANNUAL MILL LEVIES. 2 O.S. 98 (1981), AND 2 O.S. 104(E).
THE INTENT OF THE LEGISLATURE IN ENACTING THE SECTION 104 SERIES OF STATUTES, WAS THAT THEY "NOT REPEAL OR MODIFY EXISTING LAWS RELATIVE TO FREE FAIRS." 2 O.S. 104(M) (1981). BUT, TO THE EXTENT THAT THE LATEST CHANGES IN THE SECTION 104 PROVISIONS CONFLICT WITH OTHER LAWS, THE PROVISIONS IN THE LATEST CHANGES (MADE IN 1939) PREVAIL. 2 O.S. 104E.
UNDER THE EARLIER PROVISIONS, 2 O.S. 91 (1981) ET SEQ., THE ESTIMATED COST AND BUDGET FOR COUNTY FREE FAIR ASSOCIATIONS COULD NOT INCLUDE THE COST OF GROUNDS AND BUILDINGS FOR TOWNSHIPS OR COUNTY FAIRS. 2 O.S. 101 (1981). THIS GENERAL LAW TILL PREVAILS, AT LEAST FOR SECTION 91 COUNTY FREE FAIR BOARDS, UNLESS BY VOTE OF THE PEOPLE, UNDER THE PROVISIONS OF 2 O.S. 104 (1981), THE ELECTORATE OF THE COUNTY DESIGNATE A PERMANENT FREE FAIR SITE ND AUTHORIZE CONSTRUCTION AND MAINTENANCE OF BUILDINGS THEREON. APPARENTLY, THOUGH, SECTION 104 COUNTY FREE FAIR BOARDS ARE EMPOWERED TO ACQUIRE GROUNDS AND TO ERECT BUILDINGS THEREON. SEE 2 O.S. 1981, 104(H). THE LAW ON THIS POINT IS SOMEWHAT CLOUDY, BECAUSE OF THE LEGISLATIVE HISTORY INVOLVED. THE LEGISLATURE KEEPS ADDING SUBSECTIONS TO SECTION 104, AND NOTING THAT ALL SUCH SECTIONS ARE CUMULATIVE AND THAT ONLY WHEN THERE IS A CONFLICT WILL THE NEWER LAW PREVAIL. THE LEGISLATURE IN THE SAME INSTANCE ALSO STATES AT 2 O.S. 104(M) (1981), THAT THE ACT WHICH ENACTED MOST OF THE SUBSECTION OF SECTION 104 "SHALL NOT REPEAL OR MODIFY EXISTING LAWS RELATIVE TO FREE FAIRS."
WHILE IT MAY NOT BE CLEAR WHETHER SECTION 104 COUNTY FREE FAIR ASSOCIATIONS OR BOARDS CAN ERECT BUILDINGS, ABSENT A VOTE OF THE PEOPLE, I BELIEVE IT CLEAR THAT NEITHER TYPE OF COUNTY FREE FAIR BOARD OR ASSOCIATION IS EMPOWERED TO BORROW MONEY FROM A FINANCIAL INSTITUTION. AS NOTED ABOVE, ALL THE PROVISIONS DEALING WITH COUNTY FREE FAIRS ARE CUMULATIVE, AND THE NEWER ENACTED STATUTES ONLY CONTROL IF THERE IS A CONFLICT. UNDER THE PROVISIONS OF 2 O.S. 96, THE BOARD OF DIRECTORS OF COUNTY FREE FAIR BOARDS OR ASSOCIATIONS, WHILE HAVING THE AUTHORITY TO "EXPEND FUNDS OF THE COUNTY FAIR ASSOCIATION," ARE ADMONISHED THAT "IN NO CASE SHALL THE EXPENDITURES EXCEED THE AMOUNT OF THE APPROPRIATION." THE STATUTES AT 2 O.S. 109 (1981), SPECIFICALLY AUTHORIZE COUNTIES TO ISSUE BONDS FOR THE "PURPOSE OF PURCHASING LANDS, IMPROVING THE SAME, AND CONSTRUCTING BUILDINGS THEREON FOR FREE FAIR PURPOSES."
GIVEN THE EXPRESS LEGISLATIVE PROHIBITION ON EXPENDING FUNDS IN EXCESS OF APPROPRIATIONS, GIVEN THE ANNUAL BUDGET AND MILL LEVY APPROPRIATION PROCESS, GIVEN THE FACT THAT COUNTIES ARE EXPRESSLY AUTHORIZED TO ISSUE BONDS FOR FREE FAIR CONSTRUCTION, I DO NOT BELIEVE THAT A COURT WOULD FIND THAT IT CAN BE FAIRLY IMPLIED THAT THE POWER TO BORROW FROM BANKS EXISTS. ACCORDINGLY, MY INFORMAL CONCLUSION IS THAT COUNTY FREE FAIR BOARDS OR ASSOCIATIONS, LACK THE LEGAL AUTHORITY TO BORROW FUNDS FROM FINANCIAL INSTITUTIONS.
(NEAL LEADER)